UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HATCHETT WORKS,

                        Plaintiff,                      **MEMORANDUM & ORDER**
       - against -                                 21-CV-5863 (PKC) (PK)

COLONY INSURANCE COMPANY,

                        Defendant.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

On October 21, 2021, Defendant filed a notice of removal from New York State court, invoking diversity jurisdiction under 28 U.S.C. § 1332. To establish diversity jurisdiction, the removing party bears the burden of demonstrating that the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied. *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994). Given "congressional intent to restrict federal court jurisdiction" and "the importance of preserving the independence of state governments," the Court must "construe the removal statute narrowly, resolving any doubts against removability." *Id.* at 274 (citation omitted). Where the complaint does not clearly state the amount in controversy, the removing party must "allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount," otherwise the Court lacks jurisdiction. *Id.* at 273–74.

In this case, the complaint does not state an amount in controversy; it requests only a declaration that Defendant must indemnify and defend Plaintiff in a related personal injury case. (Dkt. 1-1, at ECF 10, 12.[1]) In such cases, the amount in controversy is the value of the defense and indemnification. *See Lighton Indus., Inc. v. Allied World Nat'l Assurance Co.*, 348 F. Supp.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

3d 167, 181 (E.D.N.Y. 2018). The complaint in this case attaches as Exhibit A the complaint in the underlying personal injury case, but that complaint does not clearly state the amount in controversy. (Dkt. 1-1, at ECF 15–18.) The personal injury complaint alleges that the plaintiff "sustain[ed] serious, severe, and permanent personal injuries, and has suffered and will continue to suffer physical pain, mental anguish, and loss of earning capacity" (*id.* at ECF 16), but such allegations "do not permit the Court to draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000." *O'Neill v. Target Corp.*, No. 21-CV-3262 (PKC) (ARL), 2021 WL 2634880, at *2 (E.D.N.Y. June 25, 2021) (collecting cases). The personal injury complaint also states that the plaintiff "suffered damages in an amount that exceeds the jurisdictional limits of all other courts that would otherwise have jurisdiction" (Dkt. 1-1, at ECF 18), but that language refers to the lower courts of New York, which may not entertain actions seeking to recover more than $25,000, well below the $75,000 threshold required for federal diversity jurisdiction. *See Brown v. NutriBullet, LLC*, No. 19-CV-5421 (PKC) (ST), 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019). The complaint in this case and its attachments therefore do not clearly state the amount in controversy.

In addition, Defendant's notice of removal also fails to "allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount." *See Lupo*, 28 F.3d at 273–74 (citation omitted). The notice of removal contains only one allegation about the amount in controversy, stating that, "upon information and belief, damages of more than $75,000, exclusive of interest and costs, is at stake." (Dkt. 1, ¶ 8.) Such conclusory, boilerplate statements come nowhere near alleging facts sufficient for this Court to draw reasonable inferences that the amount-in-controversy requirement has been satisfied. *Brown*, 2019 WL 5287960 at *2 (collecting cases).

The Court thus finds that Defendant's allegations in its notice of removal are insufficient to support the exercise of diversity jurisdiction. Remand is therefore appropriate. *Id.* Accordingly, this case is remanded to the New York Supreme Court, Kings County, under Index No. 522996/2021, for lack of subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 27, 2021
Brooklyn, New York